UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO NOSTRATIS, ) | 1:09-CV-00126 GSA HC |
| ) | |
| Petitioner, ) | ORDER DISMISSING PETITION FOR WRIT |
| ) | OF HABEAS CORPUS |
| v. ) | |
| ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO ENTER JUDGMENT AND TERMINATE |
| JOHN SURGUE, Warden, ) | CASE |
| ) | |
| Respondent. ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO SEND PETITIONER BLANK FORMS |

Petitioner is a federal prisoner proceeding pro se who has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has returned his consent/decline form indicating consent to the jurisdiction of the Magistrate Judge.

**DISCUSSION**

On January 21, 2009, Petitioner filed the instant petition for writ of habeas corpus. He complains that prison authorities have failed to return his personal property. It also appears he is arguing he should be transferred to another facility.

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  However, where a Petitioner seeks to challenge the conditions of his confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action.  In the federal

1  context, <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388
2  (1971), provides petitioners with a remedy for violation of civil rights by federal actors. <u>C.f.</u>, <u>Badea</u>
3  <u>v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners
4  should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

5       In this case, Petitioner's complaints involve the conditions of his confinement, not the fact or
6  duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this petition
7  must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a
8  civil rights complaint pursuant to <u>Bivens</u>, 403 U.S. 388 (1971) and 42 U.S.C. § 1983.

**ORDER**

10       Accordingly, IT IS HEREBY ORDERED:
11       1) The petition for writ of habeas corpus is DISMISSED because the petition does not allege
12  grounds that would entitle Petitioner to habeas corpus relief;
13       2) The Clerk of Court is DIRECTED to enter judgment and terminate the case;
14       3) The Clerk of Court is DIRECTED to send Petitioner the standard form for claims pursuant
15  to <u>Bivens</u>, 403 U.S. 388 (1971) and 42 U.S.C. § 1983; and
16       4) No certificate of appealability is required. <u>Forde v. U.S. Parole Comm'n</u>, 114 F.3d 878,
17  879 (9th Cir.1997).

19       IT IS SO ORDERED.
20       Dated:   **February 20, 2009**           **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE